BOARD OF COMMISSIONERS OF ROGER MILLS COUNTY v.
SAT ROWDEN.

(Filed Aug. 25, 1899.)

MUNICIPAL INDEBTEDNESS — *New Counties — Issue of Warrants.* A
newly-organized county in this Territory has the power to create
a valid indebtedness, and issue warrants as an evidence thereof,
prior to the making and completion of an assessment for the pur-
poses of. territorial and county taxation, to meet the ordinary
expenses which are necessary to carry on and conduct the func-
tions of county government; and the incurring of such indebted-
ness is not in contravention of section 4 of the act of congress
approved July 30, 1886, which prescribes, among other things, that
no county shall ever become indebted in excess of 4 per centum
of the value of the taxable property therein, to be ascertained
by the last assessment for territorial and county taxes previous
to the incurring of such indebtedness. (Burford, C. J. dissenting.)

(Syllabus by the Court.)

*Error from the District Court of Roger Mills County; be-
fore John C. Tarsney, District Judge.*

*John F. Stone,* for plaintiff in error.

*W. A. Maurer,* for defendant in error:

Action by Sat Rowden against the board of commis-
sioners of Roger Mills county. Judgment for plaintiff.
Defendant brings error. Affirmed.

Opinion of the court by

HAINER, J.: This was an action brought in the dist-
rict court of Roger Mills county on July 12, 1897, by Sat
Rowden, defendant in error, against the board of com-
missioners of Roger Mills county, plaintiff in error, to

recover the sum of $229.73, with interest thereon, upon two county warrants issued to the defendant in error for services rendered as county treasurer of said county. The plaintiff in error sought to defeat the payment of the warrants, on the ground that, at the time the services were rendered and the warrants issued, the county had no power to incur any indebtedness, for the reason that no assessment had been made in Roger Mills county for the purposes of Territorial and county taxation, and hence that the indebtedness thus created was in violation of section 4 of the act of congress approved July 30, 1886, limiting the indebtedness of the various municipalities in territories to 4 per cent. of the assessed valuation of the taxable property therein, as ascertained by the last assessment for territorial and county taxes previous to the incurring of such indebtedness.

The case was tried by the court upon a written stipulation. It was agreed in the stipulation that the first annual assessment of taxable property in said county was completed July 26, 1893, and that the warrants sued upon were issued prior to said date. It was further agreed in said stipulation "that, when said warrants were issued and when the services were rendered in settlement of which such warrants were issued, the said county was not indebted in an amount equal to 4 per cent. of the assessment completed on July 26, 1893." Upon this stipulation, the district court rendered judgment in favor of the defendant in error, the plaintiff in the court below, in ths sum of $229.61. From this judgment the county brings the case here on appeal.

This case comes clearly within the principle announced in the case of *Board of Com'rs of Roger Mills Co. v. Hall*

*Lithographing Co.*, this volume, p. 378, 58 Pac. 620, and upon that authority, it must be held that the warrants sued upon are valid and binding obligations upon the county. We therefore hold that a newly-organized county in this Territory has the power to create a valid indebtedness, and issue warrants as an evidence thereof, prior to the making and completion of an assessment for the purposes of territorial and county taxation, to meet the ordinary expenses which are necessary to carry on and conduct the necessary functions of county government; and the incurring of such indebtedness is not in contravention of section 4 of the act of congress approved July 30, 1886, which prescribes, among other things, that no county shall ever become indebted in excess of 4 per centum of the value of the taxable property therein, to be ascertained by the last assessment for territorial and county taxes previous to the incurring of such indebtedness. The judgment of the district court is therefore affirmed.

Burwell, J., not sitting; McAtee, J., and Irwin, J., concurring; Burford, C. J., dissenting.