## Board of Commissioners of Roger Mills County· v.. Nicholas Sauer *et al.*

### (Filed Aug. 25, 1899.)

1. New Counties—*Indebtedness—Power to Create.* A newly-organized county in this Territory has the power to create a valid indebtedness prior to the making of an assessment for territorial and. county taxation, and issue warrants as an evidence thereof, for a lawful purpose, and to meet the ordinary and necessary expenses of carrrying on and conducting the affairs of county government. (*Board v. Rowden,* followed.)

2. Municipal Indebtedness — *Action Upon County Warrants — Defense* Where a county sets up as a defense, to an action upon county warrants, that at the time the indebtedness was incurred, and the warrants issued in settlement thereof, no assessment had been made of the taxable property .within the county for the purposes. of territorial and county taxation, and therefore said warrants were absolutely void for having created an indebtedness in violation of the act of congress of July 30, 1886, which prescribes, among other things, that no county shall ever become indebted in excess of 4 per centum of the value of the taxable property therein, to be ascertained by the last assessment for territorial and county taxes previous to the incurring of such indebtedness, *held,* that such answer fails to state facts sufficient to constitute a valid· defense, and a demurrer thereto was properly sustained. (Burford, C. J., dissenting.)

   - (Syllabus by the Court.)

*Error from the District Court of Roger Mills County; before John C. Tarsney, District Judge.*

*John F. Stone,* for plaintiff in error.

*E. M. Bamford,* for defendant in error.

Action by Nicholas Sauer and William. Sauer against the board of county commisioners of Roger Mills county..

Judgment for plaintiffs, and defendant brings error. Affirmed.

Opinion of the court by

HAINER, J.: This was an action brought in the district court of Roger Mills county by the defendants in error against the plaintiff in error, to recover the sum of $359.71 with interest thereon, upon four county warrants, isued by said county, and subsequently purchased by the defendants in error, who are the owners and holders thereof. The defendant in its answer set up as a defense that the county had no power to create a debt, for the reason that the first annual assessment of said county was made and completed on July 26, 1893, and that the indebtedness was incurred, and the warrants issued in settlement thereof, prior to the said first assessment, and therefore that said warrants were absolutely void, for having created an indebtednes in violation of the act of congress of July 30, 1886, which prescribes, among other things, that no county shall ever become indebted in excess of 4 per centum of the value of the taxable property therein, to be ascertained by the last assessment for territorial and county taxes previous to the incurring of such indebtedness.

To this answer the plaintiffs demurred, upon the ground that said answer failed to state facts sufficient to constitute a defense to said action.    The court sustained the demurrer to the answer; to which ruling of the court the defendant duly excepted, and declined to plead further. Thereupon the court rendered judgment in favor of the plaintiffs, and against the defendants, for the sum of $454.64, and costs of the action; to which ruling and judgment of the court the defendant duly

excepted, and brings the case here on a case-made, to be reviewed by this court.

We think the demurrer was properly sustained. The only defense to the action was that the county had no power to incur any indebtedness, for the reason that no assessment had been made prior to the incurring of such indebtedness. This is untenable. The case comes clearly within the rule laid down in the case of *Board v. Rowden*, this volume p. 406, 58 Pac. 624, where this court held that a newly-organized county in this Territory has the power to create a valid indebtedness, and issue warrants as an evidence thereof, prior to the making and completion of an assessment for the purposes of territorial and county taxation, to meet the ordinary expenses which are necessary to carry on and conduct the functions of county government; and the incurring of such an indebtedness is not in contravention of section 4 of the act of congress approved July 30, 1886, which prescribes, among other things, that no county shall ever become indebted in excess of 4 per centum of the value of the taxable property therein, to be ascertained by the last assessment for territorial and county taxes previous to the incurring of such indebtedness. The judgment of the district court is therefore affirmed.

Burwell, J., not sitting; McAtee, J., and Irwin, J., concurring; Burford, C. J., dissenting.